**FILED**
CLERK, U.S. DISTRICT COURT
2/28/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:24-cr-00129-MEMF |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1546(a): Fraud and Misuse of a Visa; 18 U.S.C. §§ 1960(a), (b)(1)(A), (b)(1)(B): Operating an Unlicensed Money Transmitting Business; 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| YIHANG DUAN, aka "Jian Yu," aka "Hui Chen," aka "Fan Lu," aka "Bo Duan," | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1546(a)]

On or about October 26, 2021, in Los Angeles County, within the Central District of California, defendant YIHANG DUAN, also known as ("aka") "Jian Yu," aka "Hui Chen," aka "Fan Lu," aka "Bo Duan," knowingly used a visa, namely, a purported United States F-1 visa in the name "Jian Yu," bearing visa foil number L0671184, knowing the visa to have been forged, counterfeited, altered, and falsely made.

COUNT TWO

[18 U.S.C. §§ 1960(a), (b)(1)(A), (b)(1)(B), 2(a), 2(b)]

Beginning on an unknown date but no later than on or about March 17, 2021, and continuing until at least on or about February 28, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant YIHANG DUAN, also known as ("aka") "Jian Yu," aka "Hui Chen," aka "Fan Lu," aka "Bo Duan," knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business affecting interstate and foreign commerce, namely, defendant DUAN accepted millions of dollars in the United States and subsequently caused, and aided and abetted, the transfer of funds to recipients in the United States and elsewhere, that: (1) was operated without an appropriate money transmitting license in California, where such operation is punishable as a felony under state law; and (2) failed to comply with the money transmitting business regulation requirements under Section 5330 of Title 31, United States Code, and the regulations promulgated under that section.

FORFEITURE ALLEGATION

[18 U.S.C. § 982 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and
To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

                                                A TRUE BILL

                                                _____/s/_____
                                                Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

DEREK R. FLORES
Assistant United States Attorney
General Crimes Section